IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-2244-L |
| | § | |
| PAUL RAYNOR KEATING, | § | |
| | § | |
| Defendant. | § | |

### ORDER

*Domain Protection LLC's Motion to Allow Discovery as to the Factual Issues Raised in Paul Keating's Motion to Dismiss* has been referred to the magistrate judge for determination. Doc. 15; Doc. 16.  For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

Domain Protection LLC ("Domain") alleges that Paul Raynor Keating ("Keating") orchestrated a racketeering and wire fraud conspiracy intended to block Domain's access to certain valuable internet domain names, in violation of 18 U.S.C. §§ 2701 and 2707, and section 1962 of the Racketeer Influenced and Corrupt Organizations (RICO) Act.  18 U.S.C. § 1962. Doc. 8 at 2.  As concisely as the Court can summarize Domain's claims, Domain contends that Keating and his confederates, including Jeff Baron, through a series of lawsuits and extrajudicial maneuvers, effectively prevented the transfer of domain names, previously owned by Quantec LLC and Novo Point LLC (the "LLCs") and the Village Trust, to Domain, thereby preventing Domain from liquidating said domain names in order to pay the legal fees incurred by the LLCs in defending multiple lawsuits.  Doc. 8, *passim*.

Keating, described in the Amended Complaint as a "U.S. citizen, domiciled in California and who is resident in Spain," was personally served with the original Complaint in the United States, Doc. 8 at 1, and responded by filing a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted. Doc. 6. Keating avers, *inter alia*, that he is a resident of Spain and lacks any significant ties to this jurisdiction. Doc. 11 at 2–4. Domain subsequently amended its complaint, Doc. 8; after which Keating renewed his motion to dismiss. Doc. 9. Finally, after responding to the second motion to dismiss, Domain filed its *Motion to Allow Discovery as to the Factual Issues Raised in Paul Keating's Motion to Dismiss*, Doc. 15, now under consideration.

## APPLICABLE LAW

When a non-resident defendant challenges personal jurisdiction with a motion filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Specific personal jurisdiction, like that at issue here, normally requires a showing that: (1) the non-resident defendant purposefully established sufficient minimum contacts with the forum state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the particular case is reasonable (*i.e.*, comports with "fair play and substantial justice."). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475.

However, the mere fact that a plaintiff alleges that it suffered injuries in the forum state is insufficient. *McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009) (holding that foreseeable

injury alone is not sufficient to confer specific personal jurisdiction absent the direction of specific acts by the defendant toward the forum).  Minimum contacts must be determined by contacts the defendant himself creates with the forum state, not by contacts between the plaintiff (or third parties) and the forum state.  *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).  Thus, "the plaintiff cannot be the only link between the defendant and the forum . . . [and] it is the defendant's conduct that must form the necessary connection with the forum state."  *Id.*

In order to obtain the court's permission to conduct jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction," including asserting facts "that suggest with reasonable particularity the possible existence of the requisite contacts."  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).  A request for jurisdictional discovery must (1) identify the evidence that it is likely to discover, and (2) explain how that evidence will aid the court in establishing its personal jurisdiction over the defendant.  *Whitener v. Pliva, Inc.*, 606 Fed. App'x 762, 765 (5th Cir. 2015).  However, the court need not permit discovery when "the discovery sought could not [add] any significant facts."  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).  "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."  *Id.*

## **ANALYSIS**

In considering Domain's motion, this Court first must determine whether Domain has made a preliminary showing of personal jurisdiction.  *See Fielding*, 415 F.3d at 429.  Domain argues that personal jurisdiction is established because Keating was served in the United States pursuant to the nationwide service provisions of 18 U.S.C. § 1965(a) and (d).  Doc. 8 at 1; Doc. 15 at 3–4.  Those subsections provide:

3

> (a)     Any civil action or proceeding under [RICO] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> * * *
>
> (d)     All other process in any action or proceeding under [RICO] may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a) and (d).  Domain's reasoning is flawed, however, because section 1965 does not dispense with the requirement that the plaintiff establish the court's personal jurisdiction over the defendant, *e.g.*, by virtue of minimum contacts with the defendant or at least one his agents (co-defendants).  *See Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 605–07 (E.D. Tex. 1994) (to achieve nationwide service of process over multiple defendants, at least one defendant must have the required minimum contacts with the forum state); *see also Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 918 (5th Cir. 1987) (holding that RICO nationwide service provision did not establish personal jurisdiction over defendants in Texas when plaintiffs failed to show that defendants "conducted business" in Texas).  In this case, where Keating is the only defendant, Plaintiff must establish that *Keating* had sufficient minimum contacts with Texas in order to establish personal jurisdiction over him.

To establish Keating's minimum contacts with Texas, Domain alleges that Keating, a lawyer, drafted legal pleadings that were then filed by others "with respect to matters relating to the subject matter giving rise to the claims in this suit." Doc. 8 at 1.  Domain also avers that, "[t]hrough confederates like Keating, Baron has filed multiple conspiracy theory lawsuits against a senior U.S. Federal Judge, a U.S. Bankruptcy Judge, a U.S. Federal Receiver, a Chapter 11 Bankruptcy Trustee, counsel for same, a multitude of former counsel and counsel for opposing parties." Doc. 8 at 5 n.3.  As best as the Court can glean from the Complaint, Domain contends

4

that Keating, licensed to practice law in California, was involved as a ghost-writer of legal pleadings in "Baron's international campaign of litigious suits," which was so expensive to defend that Netsphere, an original owner of many of the domain names in question, was forced to settle its suit to recover assets.  Doc. 8 at 4.  While its allegations are salacious, Domain has not asserted facts from which the Court can conclude that any of Keating's ghost-writing activities occurred within this jurisdiction, nor has Domain explained, or even asserted the existence of, a causal relationship between Baron's legal filings and the injury of which Domain complains.  See *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (explaining that for specific jurisdiction to apply, the alleged injury must "arise out of or relate to" the defendant's activities in the forum state (quoting *Rudzewicz*, 471 U.S. at 472)).  Thus the filings are irrelevant to the issue of specific personal jurisdiction.

Domain also suggests that Keating is responsible for Fabulous.com, an Australian domain name registrar, imposing a "lock" on the alteration of the ownership registration data associated with a number of the LLCs' domain names, thus preventing the transfer of the ownership of those domain names from the LLCs to Domain.  Doc. 8 at 13–15; Doc. 11 at 6–8.  Even if true, these allegations also do no support the exercise of personal jurisdiction over Keating in Texas.  Keating resides in Spain, and Fabulous.com is an Australian business.  Doc.11 at 3, 6.  Domain does not allege that Keating accessed Fabulous.com while he was physically present in Texas or that Fabulous.com stored data related to the domain names in question on servers in Texas.

Finally Domain asserts that Keating, who was retained to assist the LLCs in a state court action filed in Collin County, Texas, sent two emails, one in 2014 to counsel for Domain Holdings Group, and the other in 2015 to Payne, a defendant in the Collin County action,

expressing opinions regarding then pending legal matters.  Doc. 8 at 11–13.  Again, even assuming the veracity of Domain's allegations, Keating's transmission of the two emails does not establish sufficient contacts with this forum for the exercise of personal jurisdiction over him.  The two emails were sent to other lawyers in the course of Keating's representation of Cook Islands entities pursuant to a client service agreement signed in Spain, and Domain fails to allege that Keating was in Texas when he sent them.  Doc.11 at 3–6.  Indeed, Keating avers in his sworn declaration that he was in Spain when he sent the 2014 email message, and that the 2015 email message was sent to a Maryland lawyer representing a Delaware corporation in an action pending in Florida.  Doc. 11 at 4–5.

Importantly, none of Keating's alleged conduct can be accurately characterized as him purposely availing himself of the privilege of conducting activities within Texas.  *See Rudzewicz*, 471 U.S. at 475 ("it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws").  Furthermore, the mere fact that Keating may have directed his conduct toward persons or entities with connections to Texas does not transform those connections into Keating's own.  *See Walden*, 134 S. Ct. at 1125 (explaining that knowingly directing conduct at plaintiff with connection to forum state is insufficient to establish minimum contacts).

In its request for jurisdictional discovery, Domain relies on *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) for the general proposition that when factual issues are raised by defendants in motions to dismiss plaintiffs should be given a fair opportunity to respond.  Doc. 15 at 2 n.3.  However, all of the factual contentions and evidence in Keating's motion to dismiss are directly responsive to Domain's factual allegations in its amended complaint.  Thus, it cannot

fairly be said that Keating "raised" new issues of which Domain was not aware and to which Domain deserved an opportunity to respond. Moreover, Domain neither identifies the discovery sought nor explains how such discovery would aid it in establishing personal jurisdiction over Keating. The mere fact that Keating may be listed on an old website for Domain Guardians does not aid Domain in establishing Keating's Texas ties since Domain has not alleged that Domain Guardians is a Texas entity or explained how establishing that fact would otherwise lead to the discovery of additional contacts between Keating and Texas.

In sum, Domain has given the Court no basis to conclude that the question of the Court's lack of personal jurisdiction over Keating is at all unclear or that discovery would provide any additional, significant facts establishing personal jurisdiction. See *Wyatt*, 686 F.2d at 284 ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.").

## CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Allow Discovery as to the Factual Issues Raised in Paul Keating's Motion to Dismiss*, Doc. 15, is **DENIED**.

**SO ORDERED** on April 4, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7