IN THE UNITED STATES DISTRICT COURT FOR
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Domain Protection LLC ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Paul Raynor Keating ) <br> ) <br> Defendant ) <br> ) <br> ) | Civil Action No. 3:15-cv-02244-L |

**Defendant's Response to the Objection to the Magistrate's Order on Discovery**

Defendant specially appears providing the following Opposition to Plaintiff's Objection [Doc 24] to Magistrate Toliver's Order Denying Early Discovery [Doc 22].

## PROCEDURAL POSTURE

Plaintiff asks this court for a "do over" of its Motion for Discovery [Doc 15], following Magistrate Toliver's Order of denial [Doc 22] and full briefing from the parties [Doc 17, 19 and 21]. Plaintiff's Objection raises no material error of law or fact that would alter the outcome reached by Magistrate Toliver.

As initially noted, Plaintiff's Motion for Discovery was filed *after* extensive briefing by all parties on Defendant's Motion to Dismiss the First Amended Complaint.[1] Nowhere in the briefing did Plaintiff suggest it needed discovery to respond to Defendant's jurisdiction arguments. Plaintiff did not need discovery then, the Magistrate correctly determined Plaintiff does not need it now, and there is no reason to suggest Plaintiff continues to need discovery.

## ARGUMENT

---

[1] Docs 9, 10, 11 and 13.

1

3334887.1

1. **Plaintiff Failed To Satisfy The Threshold Requirement For Early Discovery.**

A motion for early discovery must: (1) identify the evidence that it was likely to discover; and (2) explain how that evidence would aid the court in establishing its personal jurisdiction over the defendant.[2] Plaintiff's motion satisfied neither requirement and was properly denied.[3] Plaintiff failed to provide anything new that would suggest that finding was made in error.

2. **Magistrate Toliver Applied The Correct Standard In Finding That Plaintiff Failed To Establish a Preliminary Showing of Jurisdiction.**

Plaintiff's motion was also properly denied because Plaintiff failed to set forth a "preliminary showing of jurisdiction."[4] Neither Plaintiff's Motion nor Complaint asserted facts sufficient to "suggest with reasonably particularity the possible existence of the requisite contacts" necessary to establish personal jurisdiction.[5] The court need not permit discovery when "the discovery sought could not [add] any significant facts."[6] When a plaintiff is unlikely to establish personal jurisdiction, discovery should not be permitted because it would serve no purpose.[7] Magistrate Toliver's Order reflects a comprehensive review of Plaintiff's substantive allegations, concluding that none of them satisfied the requisite standard. None of the arguments in the Objection are sufficient to alter that outcome.

    a. **Plaintiff's Newly Raised "Stored Communications Act" Argument is Unpersuasive.**

Plaintiff erroneously asserts Magistrate Toliver misapplied the relevant standard concerning the Stored Communications Act ("SCA") as it relates to Defendant's

---

[2] *Whitener v. Pliva, Inc.*, 606 Fed. App'x 762, 765 (5th Cir. 2015).
[3] Doc 22, p. 7: "Domain neither identifies the discovery sought nor explains how such discovery would aid it in establishing personal jurisdiction over Keating."
[4] Doc 22, p. 7.
[5] Doc 22, p. 3; *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).
[6] *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).
[7] *Id.*, Doc 22, p. 3.

2

3334887.1

alleged interactions with Fabulous.com.[8]

Noticeably, Plaintiff does not contest Magistrate Toliver's factual findings that Defendant is a resident of Spain and that Fabulous is an Australian domain name registrar. Nor does Plaintiff contest the Magistrate's findings that the First Amended Complaint made no allegation that Mr. Keating undertook any actions while in Texas or that Fabulous stored any data related to the domain names on servers located in Texas.

Rather, relying entirely on *Calder v. Jones*,[9] Plaintiff argues that jurisdiction is present as to its SCA claim because Plaintiff "expressly pled that Keating intended that his actions would result in the loss of access by Lisa Katz in Dallas Texas, and that such loss of access resulted."[10] This argument has no merit.

In *Calder*, a defamation case, the court found that the defendants' actions were directed at and had substantial effect on the *plaintiff* in California, stating:

> Here, the plaintiff is the focus of the activities of the defendants out of which the suit arises. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957). The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered.[11]

Everything in *Calder*, other than the actual writing of the article, occurred in California. As such, *Calder* stands for the proposition that there must be a causal nexus between the defendant's act, the effect, and the *plaintiff* who is asserting jurisdiction over a foreign defendant. This reading was confirmed in *Walden v.*

---

[8] Plaintiff did not reference the SCA in its discovery motion and is thus now raising a new issue via a motion to reconsider.
[9] 465 U.S. 783 (1984).
[10] Plaintiff's motion, p. 3.
[11] *Calder v. Jones*, 465 U.S. 783, 788-89 (1984).

3

3334887.1

*Fiore*[12] where the Supreme Court stated jurisdiction must be based upon contacts the defendant himself creates with the forum state, not by contacts between the plaintiff (or third parties like Fabulous.com) and the forum state.

Here, there are no allegations Defendant acted with any intention towards Texas or Plaintiff. In fact, the record establishes that Defendant was not even aware of Plaintiff's existence. Simply claiming a non-party individual, Ms. Katz, could not *personally* alter the ownership records of domain names registered with Fabulous in Australia from her home in Texas is not enough. Fabulous, in Australia, placed a lock on the domain names from Australia.

The subject domain names are intangibles and are not "located" in Texas.[13] Evidence supports that the domain names are owned by Novo Point and Quantec (the "LLCs") which are Cook Island entities.[14] To the extent there was an impact on the any actions by Defendant, it was to the LLCs and Fabulous – all foreign entities.[15]

Plaintiff, meanwhile, claims to be an escrow company.[16] As such, Plaintiff holds no ownership interest in the domain names. Likewise, Plaintiff has no contractual or other relationship with Fabulous.com. Any contractual relationship – and any electronic communications service – necessarily existed only as between the LLCs and Fabulous.com. Even if the inability of Ms. Katz to unilaterally alter the details of ownership of the domain names could be an "effect" in Texas, it is indirect

---

[12] *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014). Doc 22, p. 3.
[13] Domain registration exists only by contractual right; in this case a contract between Fabulous and the to be determined owner of the domain names pending in *Novo Point LLC and Quantec LLC v. Lisa Katz, Christopher Payne*, et al, in the District Court of Collin County Texas, 4th Division as Cause No. 401-01512-2014, filed April 22, 2014 ("Collin County Action").
[14] First Amended Complaint ¶10 – "Novo Point LLC and Quantec LLC are Cook Islands entities owned by the "Village Trust", a Cook Islands trust initially funded by one Jeffrey Baron with $100.00."
[15] Neither Novo Point nor Quantec is licensed to do business in the State of Texas and both Mr. Payne and Ms. Katz have regularly asserted that the LLCs are not permitted to initiate any claims within the State of Texas. Payne and Katz have repeatedly made this assertion in the Collin County Action. Ms. Katz filed a declaration in this Court confirming that neither LLC is licensed in Texas and sought dismissal of the Collin County Action on that basis. *See* Case 3:14-cv-01552-L Document 51-1 Filed 07/23/14 Page 2 of 7. Judicial notice requested.
[16] First Amended Complaint, ¶¶34, 35.

4

and insufficient to withstand scrutiny under even the *Calder* standard.[17] Plaintiff has failed to identify any alleged "effects" that would justify jurisdiction in this case.[18] No amount of discovery would cure this fatal jurisdictional defect.

Plaintiff's "in the cloud" comments do not move the needle. Indeed, if Plaintiff's cloud-based argument were to be adopted, jurisdiction could exist in Uganda if only Ms. Katz had attempted to access the accounts at Fabulous while on safari. Such a broad interpretation of minimum contacts would mean that a state's jurisdiction over persons would be universal, and notions of limited due process and personal jurisdiction would be eviscerated.[19]

### b. The Court Properly Addressed Plaintiff's RICO Claims.

Plaintiff incorrectly argues that *Busch v. Buchman*[20] requires that minimum contacts be measured in relation to the United States as a whole and that Magistrate Toliver improperly focused on Defendant's contacts with Texas. Plaintiff's reliance upon *Busch* is misplaced. And, in any event Plaintiff failed to show minimum contacts with the United States as a whole.

Personal jurisdictional limitations flow not from notions of sovereignty, but from Due Process. The proper analysis requires the court to determine *if* the federal statute comports personal jurisdiction and, *if so*, then whether the exercise of that

---

[17] *See Southmark Corp. v. Life Investors,* 851 F.2d 763, 772 (5th Cir.1988) – the effect must be purposefully directed toward the forum state <u>and</u> the action undertaken with knowledge that the brunt of the injury would be felt by the plaintiff within the forum. Defendant could not have meant to harm Plaintiff in Texas when Defendant did not even know of its existence.

[18] Moreover, and without waiving the jurisdiction challenge, Plaintiff lacks standing to bring an SCA claim. Per 18 U.S.C. § 2701, civil claims may be brought only by the electronic communications service, the subscriber, or an aggrieved person. Plaintiff has not alleged it is any of those. *See, e.g.,* 18 U.S.C. § 2510(11). Likewise, there are no allegations to support that Fabulous is an "electronic communication service" which is defined as "any service which provides to users there of the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

[19] *Hanson v. Denckla*, 357 U.S. 235 (1958) ("it is a mistake to assume that [the technological] trend heralds the demise of all restrictions").

[20] *Busch v. Buchman*, 11 F.3d 1255 (5th Cir 1994).

5

jurisdiction comports with Due Process.[21] The test ultimately requires a focus on the defendant's minimum contacts with the local forum – Texas.

The complaint in *Busch* asserted violations of the Securities Exchange Act, a provision expressly providing for national jurisdiction. The *Busch* defendants were residents of New York and had prepared a legal opinion regarding a national securities offering knowing that the opinion would be provided to investors and form a material part of their motivation to invest. Plaintiff, a Texas resident, purchased the securities in reliance upon the opinion. In analyzing defendant's claim that the district court in Texas lacked personal jurisdiction, the court began by stating:

> Once a case is filed in an appropriate district under §78aa, the statute gives the district court the authority to serve defendants nationwide.

Service, however, does not negate the need to separately establish personal jurisdiction.

While *Busch* may have stated, "it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States", nowhere in *Busch* does the court state that analysis is limited to contacts at the national level.[22] Indeed the *Busch* court's application of due process focused entirely on the defendants' contacts with Texas. The opinion goes to great lengths to describe the nature of defendant's conduct, defendants' knowledge that the subject investment opinion would be included in the prospectus and used to market securities in Texas, and the fact that plaintiff reasonably relied on the opinion in purchasing the securities in Texas as defendants intended.[23]

---

[21] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 918 (5th Cir. 1987*); Republic Of Panama v. BCCI Holdings*, 119 F.3d 935 (11th Cir. 1997*)*.

[22] Defendant does not reside in the United States. Defendant's evidence shows the absence of sufficient US-wide contacts. Plaintiff has neither alleged nor described the possibility of showing US-wide contacts sufficient to show personal jurisdiction in this case.

[23] *Id*. at 1257

6

The *Busch* court concluded defendant had "purposely availed" himself of doing business *in Texas* and that the facts justified establishing personal jurisdiction over defendants in Texas. None of this would have been necessary if personal jurisdiction rested solely on contacts with the United States as a whole; after all, the defendants in *Busch* were residents of New York. Magistrate Toliver correctly focused on Defendant's contacts with Texas.

### c. There Was No Error In Addressing 'Causal Relationships' Pertaining to RICO.

18 U.S.C. § 1965(a) is a venue provision and does not dispense with the need to establish personal jurisdiction over at least one defendant in the action.

Plaintiff argues that it made a sufficient showing of personal jurisdiction because Defendant allegedly had agents in Texas who filed court pleadings in their own name that Defendant actually prepared.[24] This bald agency allegation is insufficient without regard to whether those agents or their transactions had any relationship to the action.[25]

This Court need look no further than *Caldwell v. Palmetto State Savings Bank of South Carolina*[26] where the court noted RICO provided for nationwide service of process, but nevertheless concluded that a separate jurisdictional analysis was required to determine whether at least one defendant had minimum contacts with the local forum - *Texas*.[27] The court ultimately found that notwithstanding service, the court lacked personal jurisdiction because the defendants lacked sufficient minimum contacts with Texas.

> Because RICO does not provide for nationwide service of process absent one of the RICO defendants being subject to the court's personal

---

[24] First Amended Complaint, ¶2.
[25] Doc 23, p. 7.
[26] 811 F.2d 916 (5th Cir.1987).
[27] *Id.*

7

jurisdiction, this court was required to determine whether the Texas long-arm statute reaches one of the RICO defendants and whether exercising personal jurisdiction over such defendant would comport with due process.[28]

The bare-bones allegation that Defendant had agents in Texas who filed, in their own name, documents prepared by Keating does not establish jurisdiction because an inclusion of a so-called "agent" is insufficient. Plaintiff has cited no case holding that personal jurisdiction is even presumptively presented by a broad allegation that a defendant "has agents."[29] Indeed, such a conclusory allegation would run contrary to the pleading requirements of *Ashcroft v. Iqbal* and other relevant authority.[30]

Indeed, case law contains rampant cautions against exercising personal jurisdiction on the basis of conspiracy or agency theories.[31]

> More importantly, this court should not exercise personal jurisdiction over the RICO defendants pursuant to plaintiffs' conspiracy theory because to do so would allow any defendant, who is allegedly a co-conspirator with a person under the court's personal jurisdiction, to be haled into a forum with which that defendant has no contacts. This result would severely undermine the Supreme Court's rationale that the "Due Process clause `gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"[32]

In contrast, Defendant provided extensive uncontroverted evidence establishing he does not, in fact, have agents in Texas and does not "ghost write" or otherwise

---

[28] *Caldwell,* 811 F.2d at 918. *See also Butcher's Union,* 788 F.2d at 539. The *Caldwell* court then analyzed the defendant's minimum contacts with Texas using the same well-established principles used by Magistrate Toliver. *See also Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 n. 9 (1984).

[29] Plaintiff's argument is an admission that the action is barred by the Texas Anti-Slap statute. TEX. CIV. PRAC. & REM. CODE ANN. §27.001 *et seq*.

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.* at 679. *See also Als Scan v. Digital Service Consultants,* 293 F.3d 707, 716 n. 3 (4th Cir. 2002) (upholding district court's refusal to allow plaintiff to engage in jurisdictional discovery where plaintiff's request was based on "conclusory assertions").

[31] *See, e.g., Thomas v. Kadish,* 748 F.2d 276, 282 (5th Cir.1984), *cert. denied,* 473 U.S. 907, 105 S. Ct. 3531, 87 L. Ed. 2d 655 (1985) (holding the effects of an alleged conspiracy in the forum state are insufficient to grant the court personal jurisdiction over the non-resident co-conspirators).

[32] *Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 609 (E.D. Tex. 1994) (internal citations and quotations omitted).

draft court documents that others file under their own name. Defendant's evidence includes sworn declarations by counsel and copies of engagement agreements showing each attorney to have been separately retained by the clients on whose behalf the documents were prepared and filed. In the face of such evidence, Plaintiff's unsupported argument must fail. A party requesting early discovery may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.[33]

Moreover, even if Defendant authored the documents in question (which is denied), such would be irrelevant for jurisdictional purposes. Such actions would clearly fall within the scope of immunity outlined in Defendant's Motion to Dismiss [Docs 9, 10 and 11]. Filing pleadings would certainly fall within the Texas Citizens Participation Act ("TCPA")[34] and *Cantey Hanger, LLP v. Byrd*[35] as consistent with the "normal conduct of counsel."[36]

Finally, noting that the instant motion concerns early discovery, Plaintiff has failed to explain what discovery is sought and how it would aid in properly asserting personal jurisdiction. The alleged "agency" exists among licensed attorneys retained by common clients. There has been no waiver of any privilege and intra-counsel communications would be protected as work product and thus properly disallowed under *McLaughlin v. McPhail.*[37]

**CONCLUSION**

Plaintiff has failed to describe the discovery it seeks or how it would be material to the limited issue of personal jurisdiction. Plaintiff has had ample time to investigate this matter and with access to discovery, if Plaintiff so choose, in the Colin County

---

[33] *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869, 873 (5th Cir. 1978).
[34] TEX. CIV. PRAC. & REM. COD ANN. §27.001(4)(A)(i).
[35] 2015 WL 3976267, *3 (Tex. 2015).
[36] *Handeen v. Lemaire*, 112 F.3d 1339 (8th Cir 1997).
[37] 707 F.2d 800, 806 (4th Cir. 1983).

Action. The Magistrate not only ruled correctly on the law and facts presented, but also likely saw this case for what it is – nothing more than an attempt to harass counsel from Spain Plaintiff deems adverse in a pending state court action. This case should end just as the claim brought by Plaintiff and its cohorts against the adverse Trustee from the Cook Islands who has already been dismissed from a similar effort.[38]

Respectfully submitted,

GRAY REED & McGRAW, P.C.

By: /s/ Travis Crabtree
TRAVIS CRABTREE
State Bar No. 24015192
tcrabtree@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served through ECF on this 9th day of May, 2016:

/s/ Travis Crabtree
TRAVIS CRABTREE

---

[38] *Domain Vault LLC v. McNair*, No. 3:2014cv01126 - Document 29 (N.D. Tex. 2015). [Doc. 29].