IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Domain Protection LLC | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 3:15-cv-02244-L ) |
| Paul Raynor Keating | ) ) |
| Defendant | ) ) ) |

**Defendant's Response to the Motion to Reconsider the Magistrate's Order**

Defendant specially appears providing the following Opposition to Plaintiff's Motion For Reconsideration [Doc 23] of Magistrate Toliver's Order Denying Discovery [Doc 22].

### PROCEDURAL POSTURE

Plaintiff seeks reconsideration of its Motion for Discovery [Doc 15], following Magistrate Toliver's Order of denial [Doc 22] and full briefing by the parties. [Docs. 17, 19 and Doc 21].

As initially noted, Plaintiff's Motion for Discovery was filed *after* extensive briefing on Defendant's Motion to Dismiss the First Amended Complaint[1] where Plaintiff failed to raise any need for discovery. Plaintiff did not need discovery then and does not need it now. The Court got the ruling correct and there is no reason or legal basis to reconsider that ruling.

---

[1] Docs 9, 10, 11 and 13.

1

3335276.1

## ARGUMENT

**1.     Plaintiff's Motion for Reconsideration is Improper.**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Such motions are appropriate only when the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[2] A motion for reconsideration should not be granted to simply revisit repetitive arguments already considered or to consider matters that would not have altered the ultimate decision of the court. Because Plaintiff failed to raise any change in the law, new evidence or a clear error, the motion should be denied.

**2.     Incorporation of the Response to the Objection to the Magistrate's Order**

Notably, Plaintiff also filed an Objection to the Magistrate's Order which is almost a copy of the Motion for Reconsideration. That filing should be basis enough for denying the Motion for Reconsideration as the District Judge will review the exact arguments raised herein and is the typical way to have an order "reconsidered." Defendant responded in full to the Objection. To avoid repetition, Defendant hereby incorporates as Exhibit A Defendant's Response to the Objection to the Magistrate's Order on Discovery [Doc. 25] as if set forth at length herein.[3]

---

[2] *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[3] A copy is also attached for the convenience of the Magistrate.

For the convenience of the Magistrate, the points raised in the Response to the Objection were as follows:

- Discovery would serve no purpose because Plaintiff cannot cure the jurisdictional defect and Plaintiff has failed to identify any particular discovery that would change the analysis.

- The *Calder* Effects Test does not apply to the newly raised Stored Communications Act (the "SCA") claim because Defendant was unaware of the existence of Plaintiff and all of Defendant's alleged actions were targeted from Spain to the domain name registrar, Fabulous.com, in Australia. A non-party cannot claim some attenuated effect from an Australian company from alleged actions undertaken in Spain meant to impact that Australian company which would then affect two Cook Islands entities as a basis for a Plaintiff to claim jurisdiction over someone who has not taken any actions in Texas.

- Moreover, the SCA claim fails because Plaintiff has no standing under the Act and no interference with an electronic communications service has been alleged.

- Finally, just because Fabulous.com is "in the cloud" and could be accessed from anywhere does not mean that any action allegedly done by Defendant to affect Fabulous.com establishes worldwide jurisdiction depending on where non-parties also try to access Fabulous.com.

- While RICO allows for nationwide service, the courts, including *Busch v. Buchman,*[4] still require plaintiffs to establish proper contacts in the forum to

---

[4] *Busch v. Buchman*, 11 F.3d 1255 (5th Cir 1994).

3

3335276.1

satisfy due process as set forth in the Texas Long-Arm Statute and case law.

- The alleged agency cannot establish jurisdiction because it is not supported by the evidence and there still needs to be allegations to support the exercise of jurisdiction over at least one Defendant in Texas. Courts frown upon bald allegations of agency and conspiracy to try and establish jurisdiction when it would not otherwise exist.

## CONCLUSION

Plaintiff has failed to describe the discovery it seeks or how it would be material to the limited issue of personal jurisdiction. There is no basis to reconsider the correct ruling denying the discovery in this case. This Court not only ruled correctly on the law and facts presented, but also likely saw this case for what it is – nothing more than an attempt to harass counsel from Spain Plaintiff deems adverse in a pending state court action. This case should end just as the claim brought by Plaintiff and its cohorts against the adverse Trustee from the Cook Islands who has already been dismissed from a similar effort for lack of jurisdiction without any need for discovery.

Respectfully submitted,

GRAY REED & McGRAW, P.C.

By:   /s/ Travis Crabtree
TRAVIS CRABTREE
State Bar No. 24015192
tcrabtree@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100

ATTORNEYS FOR DEFENDANT

4

3335276.1

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served through ECF on this 9th day of May, 2016:

            /s/ Travis Crabtree_____
            TRAVIS CRABTREE